760 A.2d 1102

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, Petitioner,

v.

Van Stuart POWERS, Respondent.

Misc. (Subtitle AG) No. 32, Sept. Term, 2000.

Court of Appeals of Maryland.

Oct. 12, 2000.

## ORDER

This matter came before the Court on the Joint Petition of the Attorney Grievance Commission of Maryland and Respondent, Van S. Powers.

The Court having considered the Petition, it is this 12th day of October, 2000,

ORDERED, that Respondent, Van S. Powers, be and is hereby indefinitely suspended from the practice of law in the State of Maryland, effective immediately; and it is further,

ORDERED, that the Respondent shall file notices of withdrawal as of the effective date of this suspension in every

pending matter before any court, agency or tribunal in which his appearance is entered as counsel; and it is further,

ORDERED, that the Respondent shall resign as of the effective date of this suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact and other fiduciary positions; and it is further,

ORDERED, that the Respondent shall provide notices by certified mail, return receipt requested, to all clients, heirs, and beneficiaries that he is indefinitely suspended; that he is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and that, if not represented by co-counsel, the client, ward or beneficiary shall act promptly to substitute another lawyer, fiduciary or to seek legal advice elsewhere and drawing attention to any urgency arising from the circumstances of the case; and it is further

ORDERED, that the Respondent shall provide in pending matters in which his appearance is entered notice to counsel for all other parties (or, in the absence of counsel, the parties) that he has been indefinitely suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and it is further,

ORDERED, the Respondent shall make available to all clients being represented in pending matters any papers or property which they are entitled, calling attention to any urgency for obtaining the papers or property; and it is further,

ORDERED, that Respondent shall refund the appropriate amounts of any fees paid in advance that have not been earned; and it is further,

ORDERED, that Respondent shall close every IOLTA, clients' funds, attorney trust or any fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control; and it is further

ORDERED, that within ten (10) days after the date of entry of this Order, the Respondent shall file with Bar Counsel an Affidavit certifying that he has fully complied with the

provisions of this Order. Appended to the Affidavit of compliance shall be:

a. Copy of each former notice, a list of the names and addresses of all clients, wards, heirs, beneficiaries, attorneys, courts and agencies to whom and which notices were sent, and all return receipts and returned mail received up to the date of the Affidavit. Supplemental Affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the Respondent or ordered by the Court;

b. A schedule showing the location, title and account number of every bank account that is designated as an IOLTA, clients' funds, attorney trust or other fiduciary account and of every account in which the Respondent holds or held as of the entry date of this Order, any client, trust or fiduciary funds;

c. A schedule describing the Respondent's disposition of all client and fiduciary funds in his possession, custody or control as of the entry date of this Order or thereafter;

d. Such proof of the proper distribution of such funds and the closing of such accounts has been requested by Bar Counsel, including copies of checks and other instruments;

e. A list of all other State, Federal and administrative jurisdictions to which the Respondent is admitted to practice; and,

f. The residence or other street address where communications to the Respondent may thereafter be directed; and it is further,

ORDERED, that termination of Respondent's suspension is subject to the Respondent having satisfied Bar Counsel that the following conditions have been met:

a. Respondent shall have engaged, at his expense, an attorney monitor, acceptable to Bar Counsel, who will oversee Respondent's practice of law for a period of three (3) years and provide to Bar Counsel monthly reports for the one (1) year and quarterly reports thereafter;

b. Respondent shall have engaged, at his expense, an accountant monitor, acceptable to Bar Counsel, who will oversee Respondent's escrow and fiduciary accounts for a period of three (3) years and provide to Bar Counsel monthly reports for one (1) year and quarterly reports thereafter;

c. Respondent shall have registered and prepaid the tuition, at an accredited law school for a course on the Maryland Lawyers' Rules of Professional Conduct or other legal ethics course, and shall represent in writing to Bar Counsel, and verify to this Court, that he will diligently pursue and successfully complete that course. Breach of this representation may be considered to be a violation of one or more of the Maryland Lawyers' Rules of Professional Conduct;

d. Respondent shall participate in twelve (12) hours of continuing legal education courses in each of the first two years after his reinstatement and shall certify the completion thereof to Bar Counsel; and

e. Respondent shall pay to Petitioner costs incurred in investigating these matters to date in the amount of $869.75; and it is further,

ORDERED, that judgment is entered against the Respondent in the amount of $869.75 in favor of the Petitioner; and it is further

ORDERED, that the Clerk of this Court shall remove the name of Van S. Powers from the register of attorneys in this Court and certify that fact to the Clients' Security Trust Fund and the Clerks of all judicial tribunals in this State in accordance with Rule 16–713 of the Annotated Code of Maryland.